IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ALAN PARVIN,

    Petitioner,                      No. 2:09-cv-2198-JFM (HC)

    vs.

MATTHEW CATE, et al.,

    Respondents.                  ORDER

_____/

      Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is proceeding before a United States Magistrate Judge with the consent of the parties pursuant to 28 U.S.C. § 636(c). See Consents to Jurisdiction by United States Magistrate Judge, filed August 19, 2009 and October 23, 2009.

      Petitioner challenges the sentence imposed on remand from direct appeal of his 2002 state court conviction. This matter is before the court on respondents' motion to dismiss this action on the grounds that it is barred by the statute of limitations.

      Section 2244(d)(1) of title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

/////

1

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

      For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

      1. On February 8, 2002, petitioner was convicted by a jury in the Shasta County Superior Court on charges of arson of a structure causing great bodily injury, arson of an inhabited structure, first degree burglary, and possession of flammable material for malicious use. The trial court separately found true several sentence enhancements. On April 9, 2002, petitioner was sentenced to 25 years to life plus twelve years in prison.

      2. On March 25, 2003, the California Court of Appeal for the Third Appellate District reversed petitioner's conviction for arson of an inhabited structure, struck one of the prior prison term sentence enhancements, otherwise affirmed the conviction, and remanded the matter for resentencing.

      3. On June 11, 2003, the California Supreme Court denied review.

/////

1    4. On July 22, 2003, petitioner was resentenced to twenty five years to life with
2 the possibility of parole plus eleven years in prison. Petitioner did not appeal the judgment.
3    5. On April 16, 2008, petitioner filed in the Shasta County Superior Court the
4 first of a series of state petitions for post-conviction relief. His final petition for state post-
5 conviction review, filed in the California Supreme Court on June 16, 2009, was denied by that
6 court on July 15, 2009.
7    6. On August 6, 2009, petitioner delivered his federal petition for writ of habeas
8 corpus to prison officials for mailing to this court. The instant action was opened on August 10,
9 2009.

   The timeliness of the instant petition is governed by the provisions of 28 U.S.C. §2244(d)(1)(A), pursuant to which the federal limitations period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Since petitioner did not seek direct review after resentencing, his conviction became final on or about September 20, 2003, when the time for filing a notice of appeal from sentence imposed on July 22, 2003 expired. See Former CA St A Rule 30.1[1]. The limitation period expired one year later, in September 2004. Petitioner did not file any petition for collateral review of his conviction until April 2008, over three and a half years after the limitation period expired. These state petitions do not revive the federal limitations period, which expired well before they were filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, this action is barred by the statute of limitations.

   On January 11, 2010, petitioner filed a document styled as a motion for an order compelling disclosure or discovery, and on January 26, 2010, petitioner filed a document styled as a request for judicial notice of adjudicative facts. For the reasons set forth in this order, this
/////

---

[1] Renumbered Rule 8.308, and amended, eff. Jan. 1, 2007.

1  action must be dismissed as time-barred.  Petitioner's motion for discovery and his request for
2  judicial notice will therefore be denied.
3        In accordance with the above, IT IS HEREBY ORDERED that:
4        1.  Petitioner's January 11, 2010 motion for an order compelling disclosure or
5  discovery is denied;
6        2.  Petitioner's January 26, 2010 request for judicial notice is denied;
7        3.  Respondents' October 23, 2009 motion to dismiss is granted; and
8        4.  This action is dismissed.
9  DATED: February 25, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
parv2198.dm